IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
|     TDCJ-CID #877566 | § | |
| v. | § | C.A. NO. C-08-170 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

## ORDER TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, plaintiff's retaliation claim against Captain Evelyn Castro, as well as his conspiracy claims against all defendants, are dismissed for failure to state a claim. However, plaintiff's denial of access to the courts claim against Sergeant Arroyos, and his retaliation claims against Sergeant Arroyos and the remaining defendants, are retained, and service will be ordered on these individuals.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. This action was referred to a magistrate judge after plaintiff consented pursuant to 28 U.S.C. § 636. (D.E. 13, 15).

## II. FACTUAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated at the Estelle Unit in Huntsville, Texas. He filed this action on May 23, 2008, complaining that certain McConnell Unit officers and officials filed a false disciplinary case against him in retaliation for his proceeding to trial in another action, Brown v. Carr, et al., C.A. No. C-04-471 (S.D. Tex.), which also involved certain of the defendants named herein.[1] He named as defendants in this case seven prison officials: Officer Christopher Carr; Major Aurelio Ambriz; Captain Evelyn Castro; Officer J. Brasher; Sergeant Ford; Sergeant Arroyos; and Lieutenant Gallegos. A Spears[2] hearing was conducted on June 5, 2008. The following allegations were made in plaintiff's original complaint, or at the hearing.

For the past three years, plaintiff's administrative segregation classification has been S-1, entitling him to certain privileges because he had not received a major disciplinary case since leaving the McConnell Unit some three years prior. From January 18, 2008 through January 31, 2008, plaintiff was temporarily housed at the McConnell Unit because he was the plaintiff in a

---

[1] In C.A. No. C-04-471, plaintiff originally sued twelve McConnell Unit officers and officials, three of whom he names again in this action: Officer Carr; Lieutenant Gallegos; and Major Ambriz.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

civil rights action that had proceeded to trial in federal district court, C.A. No. C-04-471.  On Friday, January 21, 2008, the jury was still deliberating in C.A. No. C-04-471, and plaintiff was returned to the McConnell Unit that evening.

On Saturday, January 22, 2008, Officer Carr, a former defendant in C-04-471, came to plaintiff's cell, along with a five-man extraction team, and told him that he was being charged with possession of a weapon because a knife had been found in his cell.  Officer Carr ordered plaintiff to exit his cell for a strip search.  Officer Brasher, who was assigned to plaintiff's floor that day, and Lieutenant Gallegos, the ranking officer, were also present.  Plaintiff exited his cell without incident, and complied with the strip search.  The officers ordered plaintiff to lift his scrotum, to spread his rear end, to place a finger in his anus, and then immediately to place his fingers in his mouth to show that nothing was secreted in it.  Sergeant Arroyos searched plaintiff's cell and confiscated certain legal papers.

At the conclusion of his trial, plaintiff was returned to the Estelle Unit.  A month later, at the end of February, plaintiff received a disciplinary case, written by Officer Brasher charging him with possession of a weapon.  A hearing was held on the weapons charge at the Estelle Unit in March, and in April, the case was dismissed and plaintiff's classification was restored to S-1.

Plaintiff claims that Officer Carr and Officer Brasher planted the weapon in his cell, and then forced him to submit to the humiliating strip search.  He claims that Major Ambriz, Sergeant Ford, and Lieutenant Gallegos falsified documents stating that he had a weapon, and were also present during the search of his person and cell.  He claims that Sergeant Arroyos confiscated his legal documents in denial of access to the courts.  He claims that Captain Castro,

as the supervisor of the other officers, participated in the retaliatory actions of her subordinates and superiors.

Plaintiff seeks compensatory and punitive damages.

### III. DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (per curiam) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). Indeed, a prisoner's action may be dismissed for failure to state a claim upon which relief can be granted even if the inmate has not exhausted all administrative remedies. 42 U.S.C. § 1997e(c)(2). The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Oliver, 276 F.3d at 740.

**B.     Analysis Of Plaintiff's First Amendment Right And His Retaliation Claims.**

Plaintiff claims that defendants planted a weapon in his cell and then filed false disciplinary charges against him because he had previously sued certain McConnell Unit officers in C.A. No. C-04-471.

A prisoner's First Amendment right of access to courts includes the right to seek redress through an established prison system. See Jackson v. Cain, 864 F.2d 1235, 1248-49 (5th Cir.

1989). Prison officials may not retaliate against a prisoner for exercising this right. Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995). Because it is well established that prison officials may not retaliate against a prisoner for exercising the right to file lawsuits and administrative grievances, actions that might not otherwise be offensive to the Constitution can give rise to a constitutional claim if taken in retaliation for the exercise of the protected conduct. Id. at 1165 ("an action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate") (citations omitted).

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999) (citing McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998)). An inmate must allege more than his personal belief that he is the victim of retaliation. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. Woods, 60 F.3d at 1166. The Fifth Circuit has explained that an "inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Id.

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006). However, some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of

his rights. Id. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. Id. For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

Thus, to prevail on his retaliation claim against defendants, plaintiff must establish that: (1) defendants had retaliatory intent based on plaintiff exercising his First Amendment right of access to the courts; (2) the retaliatory act was more than inconsequential or *de minimis*, and was capable of deterring a person of ordinary firmness from further exercising his constitutional rights; and, (3) but for the retaliatory motive, the adverse action would not have occurred. McDonald, 132 F.3d at 231.

Plaintiff complains of retaliatory acts occurring in January 2008 because he went to trial in C.A. No. C-04-471 at that time. That trial began on January 23, 2008, and on January 28, 2008, the jury found in favor of defendants Aurelio Ambriz, Eileen Kennedy and Alfonso Castillo. Based on the verdict, those defendants were dismissed and final judgment was entered against plaintiff. The timing is sufficient to support a chronology of events from which retaliation can be inferred. In addition, the retaliatory acts complained of, a disciplinary case resulting in the loss of privileges, and an intrusive strip search, are more than *de minimis*.

Moreover, to proceed with a § 1983 action, plaintiff must demonstrate that the named defendants were personally involved in the alleged constitutional deprivation. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("personal involvement is an essential element of a civil rights cause of action"); see also Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976) (requiring affirmative link between injury and conduct of defendant). Here, plaintiff alleges that

Officer Carr and Officer Brasher planted the weapon in his cell, and that Major Ambriz, Sergeant Ford, and Lieutenant Gallegos forged the disciplinary case paperwork.  In addition, he claims that all of these defendants were present at the time he and his cell were searched.  He claims that Sergeant Arroyos confiscated his legal property.  These facts are sufficient to establish personal involvement.

However, plaintiff fails to state a claim against Captain Evelyn Castro.  Plaintiff testified that he named her as a defendant because she was supervisor of the other defendants, and therefore, that she should be held accountable for their bad acts.  However, § 1983 does not create supervisory or *respondeat superior* liability.  Id. at 742.  Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983.  Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999).  Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury.  Id. at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).  Plaintiff does not allege that Captain Castro participated in the retaliatory acts, or that she implemented an unconstitutional policy.  Thus, plaintiff's claims against Captain Castro are dismissed.

**C.     Analysis Of Plaintiff's Denial Of Access To The Courts Claim.**

Plaintiff claims that Sergeant Arroyos confiscated legal property during the search of his cell.  Moreover, he testified that the seized documents were part of his trial materials that he needed to present his claims, and that he subsequently lost C.A. No. C-04-471.

Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim, or was prevented from presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356. To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury." Chriceol, 169 F.3d at 317 (citing Lewis, 518 U.S. at 351-54); see also Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (plaintiff must establish that he suffered some prejudice due to the denial of access).

Although plaintiff did not detail how the confiscated materials might have assisted him at trial, he testified that his attorney noted the development on the record, and that he did in fact lose that lawsuit. For purposes of § 1915A, plaintiff has stated a claim against Sergeant Arroyos.

**D.     Analysis Of Plaintiff's Conspiracy Claim.**

In his final claim, plaintiff alleges that defendants conspired to engage in the retaliatory actions of planting the weapon and filing a false disciplinary case against him.

To allege a claim of conspiracy to deprive a plaintiff of his constitutional rights, a plaintiff must allege, "(1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States." Hilliard v. Ferguson, 30 F.3d 649, 652-53 (5th Cir. 1994). Where all of the defendants are members of the same collective entity, however, the conspiracy does not involve two or more people. Id. at 653; see also Moody v. Jefferson Parish Sch. Bd., 803 F. Supp. 1158, 1166 (E.D. La. 1992) (School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), aff'd, 2 F.3d 604 (5th Cir. 1993); Hankins v. Dallas Indep. Sch. Dist., 698 F. Supp. 1323, 1330 (N.D. Tex. 1988) (high school and its officials constitute a single entity); Chambliss v. Foote, 421 F. Supp. 12, 15 (E.D. La. 1976) ("the university and its officials are considered as constituting a single legal entity which cannot conspire with itself"), aff'd, 562 F.2d 1015 (5th Cir. 1977).

Because all of the defendants are members of the same collective entity, plaintiff does not state a separate legal claim for conspiracy apart from his retaliation claim. Thus, plaintiff's conspiracy claim against all defendants is dismissed.

### IV. CONCLUSION

For the reasons stated above, it is hereby ORDERED that:

(1) Plaintiff's claims against defendant Captain Evelyn Castro are dismissed;

(2) Plaintiff's conspiracy claim against all defendants is dismissed;

(3) Plaintiff's retaliation claims against Officer Carr; Major Ambriz; Officer Brasher; Sergeant Ford; Sergeant Arroyos; and Lieutenant Gallegos are retained on the Court's docket; and

(4) Plaintiff's denial of access to courts claim against Sergeant Arroyos is retained on the Court's docket.

ORDERED this 26th day of June 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE