IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN, | § | |
| | § | |
| v. | § | C.A. NO. C-08-170 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

### AMENDED ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. On August 7, 2008, plaintiff filed a motion for default judgment. (D.E. 30). For the following reasons, plaintiff's motion is denied.

### BACKGROUND

Plaintiff is suing six employees of the Texas Department of Criminal Justice, Correctional Institutions Division. On June 16, 2008, he consented to proceed before a magistrate judge. (D.E. 13). On June 17, 2008, the action was referred pursuant to Neals v. Norwood, 59 F.3d 530 (5th Cir. 1995). (D.E. 15). On August 22, 2008, the six defendants consented to proceed before a magistrate judge. (D.E. 37). On September 2, 2008, the action was referred to a magistrate judge. (D.E. 40).

An order for service of process was issued on June 26, 2008. (D.E. 20). Service was executed on July 2, 2008. (D.E. 22-27). On August 1, 2008, defendants filed an answer. (D.E. 28). Plaintiff argues that the defendants failed to file an answer as of August 4, 2008, and that he is therefore entitled to default judgment. (D.E. 30, at 1).

### DISCUSSION

As the Fifth Circuit has established, "the entry of default judgment is committed to the discretion of the district judge." Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) (citation

omitted); accord Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam).  Furthermore, "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits."  Harper MacLeod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); see also Lewis, 236 F.3d at 767.

Defendants filed their answer on August 1, 2008, thirty days after service was executed on July 2, 2008.  Defense counsel certified that a copy of the answer was mailed to plaintiff on August 1, 2008.  (D.E. 28, at 6); see Fed. R. Civ. P. 5(b)(2)(C) (service complete upon mailing).  Plaintiff's allegations, if proven, would fail to show that defense counsel's certification was inaccurate.  He therefore does not show that the defendants' answer was untimely served or filed.  Finally, he has failed to demonstrate that he suffered any prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment, (D.E. 30), is hereby DENIED.  Moreover, the order issued on August 11, 2008 concerning the motion for default judgment, (D.E. 33), is hereby vacated.

ORDERED this 4th day of September 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE