IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
| TDCJ-CID #877566 | § | |
| v. | § | C.A. NO. C-08-170 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

**ORDER**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff is proceeding in this action *in forma pauperis*.  Pending is his motion for leave to take

depositions by video-teleconference.  (D.E. 35).  Defendants filed an opposition to the motion.

(D.E. 43).  Plaintiff filed a reply to defendants' opposition.  (D.E. 45).

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional

Institutions Division, and is currently incarcerated at the Estelle Unit in Huntsville, Texas.  He

filed this action on May 23, 2008, complaining that certain McConnell Unit officers and officials

filed a false disciplinary case against him in retaliation for his proceeding to trial in another

action, Brown v. Carr, et al., C.A. No. C-04-471 (S.D. Tex.), which also involved three of the

defendants named in this action.[1]  He named as defendants in this case seven prison officials:

Officer Christopher Carr; Major Aurelio Ambriz; Captain Evelyn Castro; Officer J. Brasher;

Sergeant Ford; Sergeant Arroyos; and Lieutenant Gallegos.  A Spears[2] hearing was conducted on

June 5, 2008.  The following allegations were made in plaintiff's original complaint, or at the

---

[1] In C.A. No. C-04-471, plaintiff originally sued twelve McConnell Unit officers and officials, three of whom he names again in this action: Officer Carr; Lieutenant Gallegos; and Major Ambriz.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

hearing.

For the past three years, plaintiff's administrative segregation classification has been S-1, entitling him to certain privileges because he had not received a major disciplinary case since leaving the McConnell Unit some three years prior. From January 18, 2008 through January 31, 2008, plaintiff was temporarily housed at the McConnell Unit because he was the plaintiff in a civil rights action that had proceeded to trial in federal district court, C.A. No. C-04-471. On Friday, January 21, 2008, the jury was still deliberating in C.A. No. C-04-471, and plaintiff was returned to the McConnell Unit that evening.

On Saturday, January 22, 2008, Officer Carr, a former defendant in C-04-471, came to plaintiff's cell, along with a five-man extraction team, and told him that he was being charged with possession of a weapon because a knife had been found in his cell. Officer Carr ordered plaintiff to exit his cell for a strip search. Officer Brasher, who was assigned to plaintiff's floor that day, and Lieutenant Gallegos, the ranking officer, were also present. Plaintiff exited his cell without incident, and complied with the strip search. The officers ordered plaintiff to lift his scrotum, to spread his rear end, to place a finger in his anus, and then immediately to place his fingers in his mouth to show that nothing was secreted in it. Sergeant Arroyos searched plaintiff's cell and confiscated certain legal papers.

At the conclusion of his trial, plaintiff was returned to the Estelle Unit. A month later, at the end of February, plaintiff received a disciplinary case, written by Officer Brasher charging him with possession of a weapon. A hearing was held on the weapons charge at the Estelle Unit in March, and in April, the case was dismissed and plaintiff's classification was restored to S-1.

Plaintiff claims that Officer Carr and Officer Brasher planted the weapon in his cell, and then forced him to submit to the humiliating strip search. He claims that Major Ambriz,

Sergeant Ford, and Lieutenant Gallegos falsified documents stating that he had a weapon, and were also present during the search of his person and cell.  He claims that Sergeant Arroyos confiscated his legal documents in denial of access to the courts.  He claims that Captain Castro, as the supervisor of the other officers, participated in the retaliatory actions of her subordinates and superiors.

In his pending motion, plaintiff seeks to depose two third-party witnesses: Ms. Walker, his counsel substitute for the dismissed disciplinary proceeding, and Captain Sirinngi, the disciplinary hearing officer.  He is incarcerated in the Estelle Unit located in Huntsville, Texas in administrative segregation.

Plaintiff files this motion pursuant to Rule 30 of the Federal Rules of Civil Procedure. Specifically, Rule 30 states, in pertinent part, that

> The parties may stipulate–writing or the court may on motion order–that a deposition be taken by telephone or other remote electronic means.  For the purposes of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions.

Fed. R. Civ. P. 30(b)(4).  The party seeking to take depositions by video-teleconferencing must establish a legitimate reason for its motion.  See Brown v. Carr, 236 F.R.D. 311, 312 (S.D. Tex. 2006) (citing Cressler v. Neuenschwander, 170 F.R.D. 20, 21 (D. Kan. 1996)).  Any party opposing such depositions has the burden to establish good cause as to why they should not be conducted in such manner.   Brown, 236 F.R.D. at 312 (citations omitted).  Generally, leave to take depositions by remote electronic means should be granted liberally.  See Jahr v. IU Int'l Corp., 109 F.R.D. 429, 431 (M.D.N.C. 1986) (addressing telephonic depositions); see also Robertson v. Vandt, No. 1:03-cv-6070, 2007 WL 404896 (E.D. Cal. Feb. 2, 2007) (granting request for a deposition by video-teleconference) (unpublished).

In opposing plaintiff's motion, defendants make five different arguments.  First, they argue that "[d]isclosures have been made that should include any information obtainable through deposition.  Plaintiff has the means to request additional documents, in the event that the disclosures do not contain the information he allegedly needs."  (D.E. 43, at 2).  The Federal Rules of Civil Procedure afford litigants a variety of means to obtain discovery, including depositions and documents requests.  "Production of documents is no substitute for a deposition. Indeed, one function of depositions is to ask questions about various documents and records." Brown, 236 F.R.D. at 313.

Second, defendants assert that "Plaintiff failed to state what relevant information these individuals could possibly produce as it relates to the remaining claims in the case."  (D.E. 43, at 2).  The scope of discovery is governed by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 26(b)(1).  The Fifth Circuit has characterized this scope as broad.  Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 515 (5th Cir. 1993); Wyatt v. Kaplan, 686 F.2d 276, 283 (5th Cir. 1982).

Plaintiff alleges that defendants filed a false disciplinary case against him in violation of his civil rights.  The case was ultimately dismissed.  Both of the individuals that plaintiff seeks to depose were involved in that disciplinary case.  It seems reasonable that they may have relevant information.  See Chiasson, 988 F.2d at 515 ("The discovery rules ... function as a vehicle for locating the sources of relevant facts and eventually, ascertaining those facts.")  Defendants appear to be asserting that these two individuals must have relevant information and that plaintiff must disclose prior to the depositions what this relevant information is.  This approach appears to place the horse before the cart.  They do not provide any support for this argument.

Third, defendants argue that "[t]he burden and expense of the deposition outweighs the

likely benefit of the depositions in this instance." (D.E. 43, at 2). Again, they do not provide any support for this argument. They do not indicate how depositions of these two individuals would be especially burdensome. Clearly, any time that a person is deposed that individual is burdened to some extent. However, the requirement of the two individuals' depositions weighed against plaintiff's seeking of relevant information in support of his civil rights claim is not overly burdensome. Indeed, one court has concluded that a deposition by "video conference would be less expensive, and would aid in the administration of justice." In re Central Gulf Lines, Inc., Nos. 97-3829 & 99-1888, 1999 WL 1124789, at *1 (E.D. La. Dec. 3, 1999) (unpublished).

Fourth, defendants assert that "[a]n inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. (D.E. 43, at 2) (citing Pedraza v. Jones, 71 F.3d 194, 196 n.4 (5th Cir. 1995)). They claim that "Plaintiff has made no indication of his ability to pay these fees." (D.E. 43, at 2). Finally, defendants argue that "[i]n forma pauperis status does not require the Government to advance funds to pay for deposition expenses." (D.E. 43, at 2) (citing Fernandez v. Kash N' Karry Food Stores, Inc., 136 F.R.D. 495, 496 (M.D. Fla. 1991)). These two arguments are similar and are not reasons for denying plaintiff's motion to take the depositions. However, even though plaintiff is proceeding *in forma pauperis*, he cannot expect defendants or the government to pay the deposition costs and fees. Brown, 236 F.R.D. at 313 ("Plaintiff may not expect the Court, or defendants to pay for these fees and expenses simply because he is an indigent inmate proceeding pro se in this action.").[3]

Plaintiff is an inmate who is incarcerated within administrative segregation. He cannot necessarily appear in person to attend depositions of these two third-party witnesses. Thus, he

---

[3] If plaintiff cannot afford to take these depositions via video-teleconferencing, then he may take depositions upon written questions. See Fed. R. Civ. P. 31.

5

has established a legitimate basis for taking their depositions by video-teleconference.  He

obviously cannot leave his prison facility for any depositions.  Moreover, he is entitled to

explore what relevant information these two witnesses have regarding his claims.

Accordingly, plaintiff's motion for leave to take depositions by video-teleconference,

(D.E. 35), is granted consistent with this order.

ORDERED this 23rd day of September 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE