IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
|     TDCJ-CID #877566 | § | |
| v. | § | C.A. NO. C-08-170 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

## **ORDER**

    This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding in this action *in forma pauperis*. Pending is his motion for leave to take depositions by telephone as well as an order for the deposition fees to be paid at defendants' expense. (D.E. 68).

    Plaintiff seeks to depose an inmate incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division. Litigants seeking to depose a prisoner must obtain leave of the court. Fed. R. Civ. P. 31(a)(2)(B); accord Whitehurst v. United States, 231 F.R.D. 500, 501 (S.D. Tex. 2005). As a general rule, an inmate may take depositions by telephone. See Brown v. Carr, 236 F.R.D. 311, 312 (S.D. Tex. 2006).

    Here, plaintiff has not named the deponent, but simply identifies him based on discovery that he is pursuing: "On the date of 'January 18th 2008' was a [sic] inmate in 'cell 79' on 12 building E-pod whom has some very relevant evidence to help me prove my case against the Defendants[.] I would like for Defendants counsel to identify the inmate and I would like leave from the court to depose the witness by telephone." (D.E. 68, at 2). Clearly, discovery is ongoing and defendants will provide plaintiff with the name of the inmate. Accordingly, plaintiff's motion to depose an inmate by telephone is premature.

    Regarding plaintiff's request that defendants be required to pay for the costs of the deposition, plaintiff cites several cases. Id. However, they do not support his position. For

example, in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Third Circuit affirmed the district courts denial of a motion seeking copies of a deposition by an indigent litigant, explaining that such litigants must bear their own costs. Id. at 159-60. Plaintiff's reliance on Ake v. Oklahoma, 470 U.S. 68 (1985) is misplaced as that decision addressed whether an indigent criminal defendant was entitled to psychiatric assistance at the State's expense. Id. at 78-80. Finally, he cites United States Marshals Service v. Means, 741 F.2d 1053, 1058 (8th Cir. 1984) to support his position. In Means, the Eighth Circuit affirmed the district court's decision to require the payment of indigent litigants' fees. Id. at 1059. In doing so, the court determined there were compelling circumstances, including that the indigent litigants were defendants in an action brought by the federal government. Id.

As a general rule, plaintiff is obligated to pay any fees and costs of depositions. Brown, 236 F.R.D. at 313. Accordingly, plaintiff's motion for a deposition to be paid for by defendants is denied without prejudice. Of course, if plaintiff cannot afford the deposition by telephone, he may be able to take a deposition upon written questions. Id. at 313 n.2.

For the reasons addressed above, plaintiff's motion for leave to take depositions by telephone as well as an order for the deposition fees to be paid at defendants' expense, (D.E. 68), is hereby DENIED without prejudice.

ORDERED this 16th day of December 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE