IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
|     TDCJ-CID #877566 | § | |
| v. | § | C.A. NO. C-08-170 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

## ORDER GRANTING MOTION TO COMPEL AND DENYING SANCTIONS

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for an order compelling discovery and for sanctions. (D.E. 86).

An order was issued requiring defendants to produce to plaintiff his disciplinary and grievance records. (D.E. 70). Plaintiff complains that defendants have suppressed grievance records relevant to his case. (D.E. 86, at 1). He claims to have recently discovered that a grievance filed on February 2, 2008, which he refers to as the "original grievance," does exist and has not been disclosed by defendants. Id. He asserts that the grievance record disclosed to him is blank from the period of December 6, 2007 to April 10, 2008. Id. at 2. Plaintiff refers to the missing grievance as #20080888227. Id. There is no support for his assertion that a grievance by that number exists. There is, however, an indication in the record that plaintiff filed a grievance relevant to defendants' conduct in this case in February 2008. See (D.E. 1, at 10). Plaintiff filed a grievance in April 2008 complaining that his Step 1 pertaining to a complaint about officers planting a weapon on him was missing. Id. He received a response indicating that the grievance had been closed at Step 2 on February 27, 2008. Id. Accordingly, the disclosure of plaintiff's grievance records is incomplete. Defendants are ORDERED to produce any grievances relevant to plaintiff's claims in this case from the period of December 12, 2007 to April 10, 2008, no later than Monday, March 16, 2009.

Plaintiff also requests sanctions in the amount of $1500 pursuant to Rule 37 of the Federal Rules of Civil Procedure. (D.E. 86, at 5). Rule 37 provides that, among other things, a party may be sanctioned for failure to cooperate in discovery by being required to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The imposition of sanctions for failure to cooperate in discovery is in the sound discretion of the district court. See Tollett v. City of Kemah, 285 F.3d 357, 363 (5th Cir. 2002) (citations omitted).

Here, plaintiff seeks to sanction defendants for an evasive or incomplete response, and for failure to comply with a court order. (D.E. 86, at 5); see also Fed. R. Civ. P. 37(a)(4), 37(b). Defendants were ordered to produce the documents requested no later than January 5, 2009. (D.E. 70). However, it appears that the parties entered into settlement negotiations around that time, given that plaintiff filed a notice advising the Court of a tentative settlement on January 12, 2009. (D.E. 76). Accordingly, a stay was placed on discovery pending the outcome of settlement negotiations. (D.E. 79). On February 5, 2009, defendants notified the Court that settlement was not feasible. (D.E. 81). Based on this notice, the Court lifted the stay on February 9, 2009. (D.E. 82). Plaintiff's motion to compel was filed February 19, 2009. (D.E. 86). It appears that the parties' attempt to settle the litigation may have been in part responsible for defendants' delay in producing the documents requested by plaintiff; therefore, sanctions are not appropriate. Accordingly, his motion for sanctions is DENIED.

ORDERED this 2nd day of March 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE