IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TAURUS BROWN | § | |
|     TDCJ-CID #877566 | § | |
| v. | § | C.A. NO. C-08-170 |
| | § | |
| CHRISTOPHER CARR, ET AL. | § | |

### ORDER GRANTING LEAVE FOR DEPOSITION BY WRITTEN QUESTIONS

Plaintiff is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Clements Unit in Amarillo, Texas. Proceeding pro se, he filed a civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Pending is plaintiff's motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (D.E. 90).

Pending also is plaintiff's motion for leave to depose witnesses by written questions. (D.E. 90). Specifically, he seeks leave to depose K. Cascarano, an officer at the McConnell Unit, Calvin Hyder, an inmate at the Telford Unit, Gregory Charles Reed, an inmate at the Eastham Unit, Darryl Love, an inmate at the McConnell Unit, and Dwight Byrd, an inmate at the Michael Unit.

As an initial matter, the Federal Rules of Civil Procedure require that any party seeking to depose by written questions someone "confined in prison" must obtain leave of the court. Fed. R. Civ. P. 31(a)(2)(B); accord Whitehurst v. United States, 231 F.R.D. 500, 501 (S.D. Tex. 2005). Plaintiff is granted leave to take the deposition of inmates Calvin Hyder and Gregory Charles Reed. Plaintiff was already granted leave to take the deposition of inmate Darryl Love. (D.E. 75). There is no record of an inmate named Dwight Byrd currently incarcerated within the Texas Department of Criminal Justice. Accordingly, plaintiff's motion to depose him is denied. "Unless the parties stipulate otherwise," deposition by written questions must be conducted

before an officer. See Fed. R. Civ. P. 28(a)(1); Fed. R. Civ. P. 31(b). The party serving the deposition must deliver it to the officer. Fed. R. Civ. P. 31(b). Furthermore, the party noticing the deposition has an obligation to notify when the deposition is completed. Fed. R. Civ. P. 31(c). If the parties cannot stipulate, then it is ordered that the law librarian of the unit where Mr. Hyder and Mr. Reed are incarcerated and Officer Cascarano works serve as the officer for the three depositions by written questions.

Plaintiff must serve a copy of the deposition by written questions on defendants' attorney no later than Friday, March 13, 2009. Defense counsel will ensure that deponents receive the deposition and that the depositions are completed within thirty days of receipt.

Accordingly, plaintiff's motion for leave to depose a witnesses by written questions, (D.E. 90), is GRANTED consistent with this Order. Moreover, plaintiff's motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, (D.E. 90), is granted. He has until Friday, April 24, 2009 to file any opposition to defendants' motion for summary judgment. Finally, neither additional discovery requests nor requests for extensions will be granted.

ORDERED this 4th day of March 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE